## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: V.W.**

**No. 13-0410** (Gilmer County 11-JA-18)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Grandparents filed this appeal, by counsel F. John Oshoway, from the Circuit Court of Gilmer County, which denied their motions for child placement and to intervene, by order entered on March 27, 2013. The guardian ad litem for the children, Shelly DeMarino, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are child V.W.'s maternal grandmother and step-grandfather. The circuit court terminated the parental rights of V.W.'s parents in April of 2012. Both parents appealed and, subsequently, we affirmed these terminations by Memorandum Decisions, *In re V.W.*, No. 12-0747, 2013 WL 500143 (W.Va. Feb. 11, 2013), and *In re V.W.*, No. 12-0820, 2013 WL 500189 (W.Va. Feb. 11, 2013). In March of 2013, the circuit court denied V.W.'s placement with petitioners and also denied petitioners' motion to intervene. From this order, petitioners now appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

1

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioners argue that the circuit court erred in denying their motion for temporary or permanent custody of their granddaughter. Petitioners contend that there is a clear preference for placement of children in abuse and neglect cases with family members. They assert that they were making active steps to confront any issues of concern at their home. They further argue that the circuit court erred when it denied their motion to intervene, which they assert prohibited them of the opportunity to participate in any multi-disciplinary treatment team meetings and court hearings. Petitioners assert that these decisions denied them of their fundamental rights of notice and the opportunity to be heard.

Upon our review of the record, we find no abuse of discretion or error by the circuit court with regard to denying petitioners' request for child placement or motion to intervene. Although West Virginia Code §49-3-1(a)(1)(3) provides preferential placement with grandparents, such placement is not mandatory; the DHHR must first determine that the grandparents would be suitable adoptive parents. Further, the best interests of the subject child or children must also be considered. *See* Syl. Pt. 4, *Napolean S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005). The record contains documentation of the DHHR's home study and its reasons against placing V.W. with petitioners. Petitioners have been charged with the crime of cruelty to animals thirteen times, and, at the home visit, the DHHR witnessed several cockroaches crawling up and down the walls and ceilings of petitioners' home. Petitioners have not refuted this evidence.

We also find no error with regard to petitioners' motion to intervene. The record provides that petitioners' counsel re-asserted their motion to intervene at the parents' dispositional hearing. The circuit court took this matter under advisement and proceeded with the parents' disposition. The final order denying petitioners' motion to intervene reflects that the circuit court held an evidentiary hearing on the motion in March of 2013. The order found that the DHHR previously denied petitioners' request for home placement. As discussed, the reasons for this denial were provided in the record. We find no compelling reason to warrant overturning the circuit court's decisions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II